UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re                                                           Chapter 7

MICHAEL R. MAEDER and
KATHLEEN M. MAEDER ,                                            Case No.: 1-07-04644-MJK

                              Debtors.

GREATER NIAGARA FRONTIER COUNCIL,
BOY SCOUTS OF AMERICA, INC.
2860 Genesee Street
Buffalo, New York  14225,

                              Plaintiff,

          -against-                                            Adv. Proc. No. 08-_____

KATHLEEN M. MAEDER
59 A Hinchey Avenue
Lancaster, New York  14086,

                              Defendant.

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

          Plaintiff, Greater Niagara Frontier Council, Boy Scouts of America, Inc. (hereinafter "Plaintiff" or the "Boy Scouts"), by and through its undersigned counsel, as and for its complaint (hereinafter the "Complaint") against debtor-defendant Kathleen M. Maeder (hereinafter "Defendant") alleges as follows:

## THE NATURE OF THE ADVERSARY PROCEEDING

          1.     By this Complaint, Plaintiff seeks entry of an order and judgment pursuant to §523(a)(4) of the United States Bankruptcy Code (hereinafter the "Bankruptcy Code") and

Federal Rule of Bankruptcy Procedure 7001(6), determining that the debt due to the Plaintiff from the Defendant is excepted from discharge and granting a judgment of non-dischargeability in favor of Plaintiff for the reasons more fully alleged below relating to the embezzlement committed by Defendant Kathleen M. Maeder.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334, sections 105 and 523 of the Bankruptcy Code, Bankruptcy Rules 4007 and 7001(6).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. Venue of this Adversary Proceeding is proper pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. The Plaintiff is a domestic not-for-profit corporation formed under the laws of the State of New York with its place of business at 2860 Genesee Street, Buffalo, New York 14225.

6. The Defendant is one of the above-captioned Debtors.

## SUBSTANTIVE ALLEGATIONS

7. Prior to the bankruptcy filing herein, Defendant Kathleen M. Maeder was employed by the Plaintiff.

8. Between May 1, 1993 and December 31, 2003, the Defendant embezzled funds from the Boy Scouts in an amount in excess of $200,000.

9.     The Debtor was arrested for her embezzlement and charged with one or more felonies.

10.     At a hearing on or about April 19, 2004, the Defendant pled guilty to second degree grand larceny, a "C" felony under the New York Penal Law, and she admitted to stealing an amount in excess of $200,000 from the Plaintiff.

11.     As a result of the criminal proceedings, Defendant Kathleen M. Maeder was ordered to pay restitution to the Plaintiff in the amount of $206,939.43.

12.     The Defendant still owes the Plaintiff $155,639 under the order of restitution.

### COUNT 1: Non-Dischargeability of a Debt Under 11 U.S.C. §523(a)(4)

13.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

15.     Section 523(a)(4) of the Bankruptcy Code provides, in relevant part, that, "[a] discharge under section 727...of this title does not discharge an individual debtor from any debt..., embezzlement, or larceny."

16.     Defendant Kathleen M. Maeder embezzled the Plaintiff's money.

17.     As a direct and proximate result of the Defendant's wrongful conduct as described above, the Plaintiff suffered damages in amount of no less than $206,939.43, with $155,639.00 still outstanding.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court: (a) order that Debtor Kathleen M. Maeder's indebtedness to the Plaintiff arising from her embezzlement constitutes a non-dischargeable debt pursuant to section 523(a)(4) of the Bankruptcy Code, (b) award the Plaintiff its costs and reasonable attorneys' fees for prosecution of this Adversary Proceeding, and (c) grant such other relief as is just and proper.

DATED:     Buffalo, New York
           April 4, 2008

                         JAECKLE FLEISCHMANN & MUGEL, LLP
                         *Attorneys for Greater Niagara Frontier Council,*
                         *Boy Scouts of America, Inc.*


                         By: _____
                              Joseph W. Allen, Esq., of Counsel
                         12 Fountain Plaza
                         Buffalo, New York 14202
                         (716) 856-0600

855239v2